IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
July 26, 2022

**ANGELA STAMPER (HAYES) v. DARRELL STAMPER**

**Appeal from the Circuit Court for Hamilton County**
**No. 21D1843 Kyle E. Hedrick, Judge**

_____

**No. E2021-01509-COA-R3-CV**

_____

The appellant, Darrell Stamper, has appealed the December 16, 2021 order of the Circuit Court for Hamilton County ("the Trial Court"). As the December 16, 2021 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

THOMAS R. FRIERSON, II, J.; D. MICHAEL SWINEY, C.J.; AND JOHN W. MCCLARTY, J.

Darrell Stamper, McDonough, Georgia, pro se appellant.

Kisha Lorea Cheeks, Chattanooga, Tennessee, for the appellee, Angela Stamper (Hayes).

**MEMORANDUM OPINION[1]**

Pursuant to the requirements of Rule 13(b) of the Tennessee Rules of Appellate Procedure, the Court directed the appellant to show cause why this appeal should not be dismissed for lack of subject matter jurisdiction after it became clear that there was no final judgment from which an appeal as of right would lie. "A final judgment is one that resolves all the issues in the case, 'leaving nothing else for the trial court to do.'" *In re Estate of*

_____

[1] Rule 10 of the Rules of the Court of Appeals provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

*Henderson*, 121 S.W.3d 643, 645 (Tenn. 2003) (quoting *State ex rel. McAllister v. Goode*, 968 S.W.2d 834, 840 (Tenn. Ct. App. 1997)). This Court does not have subject matter jurisdiction to adjudicate an appeal as of right if there is no final judgment. *See Bayberry Assocs. v. Jones*, 783 S.W.2d 553, 559 (Tenn. 1990) ("Unless an appeal from an interlocutory order is provided by the rules or by statute, appellate courts have jurisdiction over final judgments only."). The appellant responded to our show cause order, but failed to show that a final judgment has been entered.

Specifically, the Trial Court's December 16, 2021 order, which is the order appealed, denied the motion to dismiss after finding that the Trial Court had both personal and subject matter jurisdiction, but did not address the ultimate issues in the petition. As such, the December 16, 2021 order does not constitute a final appealable judgment.

"Except where otherwise provided, this Court only has subject matter jurisdiction over final orders." *Foster-Henderson v. Memphis Health Center, Inc*., 479 S.W.3d 214, 222 (Tenn. Ct. App. 2015). As the December 16, 2021 order does not constitute a final appealable judgment, this Court lacks jurisdiction to consider this appeal. The appeal is hereby dismissed. Costs on appeal are taxed to the appellant, Darrell Stamper, for which execution may issue.

**PER CURIAM**